UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | Case No.    23-30045 |
| ACJK, Inc., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ACJK, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No.    25-03009 |
| ) | |
| HUMANA PHARMACY ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N

Before the Court is Humana Pharmacy Solutions, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings. For the reasons set forth herein, the Motion for Judgment on the Pleadings will be denied.

### I.    Factual Background

ACJK, Inc. ("Debtor"), a corporation that operated a retail pharmacy in Granite City, Illinois, commenced its Chapter 11 case by filing a voluntary petition on January 30, 2023. The pharmacy closed nine days before the filing, and the Debtor's confirmed Chapter 11 plan is a liquidating plan.

Many of the background facts relevant here are not in dispute. When the pharmacy was operating, it provided prescription medications to Medicare

-1-

beneficiaries. According to the parties, Medicare beneficiaries receive prescription medication benefits through the Medicare Part D program and, under that program, Pharmacy Benefit Managers ("PBMs") administer such benefits. Humana served as a PBM and entered into a contract with the Debtor's franchisor, Medicap Pharmacies, Inc., to administer the Debtor's Medicare transactions. Medicap, in turn, delegated some of its franchise-related obligations to Cardinal Health, Inc.

PBMs are compensated by receiving a portion of the proceeds from each administered transaction; such payments are called Direct and Indirect Renumerations Fees ("DIR Fees"). Medicap or Cardinal processed all the Debtor's claims for payment from Medicare Part D and offset DIR Fee payments due to PBMs from the amounts ultimately remitted to the Debtor. In 2015, Medicap ceased its relationship with the Debtor, but Cardinal continued to perform all the administrative obligations previously performed by it and by Medicap.

On January 29, 2025, just one day short of two years after the main case filing, the Debtor filed an adversary complaint against Humana and five other PBMs. Count I of the complaint sought relief from all defendants asking for an accounting and turnover of alleged postpetition transfers. The remaining twelve counts sought to recover alleged prepetition fraudulent transfers from each of the defendants under both the Bankruptcy Code and Illinois law. This Court's predecessor, Judge Laura K. Grandy, set a status on the complaint due to several concerns. After a hearing held on February 12, 2025, Judge Grandy entered an order giving the Debtor 21 days to file separate amended complaints in separate

adversary proceedings against each defendant and requiring that the amended complaints be signed by the Debtor's attorney. Judge Grandy found that the complaint violated Federal Rule of Civil Procedure 20(a)(2) because the claims against the several defendants did not arise out of the same transaction and therefore should not have been lumped together in one complaint. She also found that, in filing the complaint, the Debtor's attorney violated Federal Rule of Civil Procedure 11 by not signing the complaint as the attorney of record. Rather, only the Debtor's principal had signed the complaint.

The Debtor failed to comply with the order to file separate complaints in separate proceedings and instead filed a First Amended Complaint that continued to include all defendants and was signed by the Debtor's principal and by an attorney other than the attorney of record who filed it.[1] The Debtor also filed several motions seeking relief from the order for separate filings which were denied. The Court ultimately ordered that the claims be severed so that there would be separate adversary proceedings against each defendant and required the Debtor's attorney to pay filing fees for each of the severed cases. As a result, the same First Amended Complaint filed in the original proceeding was docketed in separate, newly opened proceedings against each defendant.

---

[1] The amended complaint was filed by attorney of record Steve Stanton, but the electronic signature affixed to the amended complaint belonged to Joseph Bogdan. Mr. Bogdan had been employed as special counsel in the bankruptcy case to assist the Debtor in the PBM litigation. And although Mr. Stanton filed a notice of appearance in the original adversary proceeding purportedly on Mr. Bogdan's behalf, this Court does not recognize appearances entered by proxy and, in any event, Mr. Bogdan is not shown as an attorney of record in that proceeding or any other. As it stands, it is entirely unclear what Mr. Bogdan's role is in this litigation. Despite his electronic signature appearing on several filed documents alongside Mr. Stanton's electronic signature, those documents were filed not by him but by Mr. Stanton. It is not even clear to the Court that Mr. Bogdan is licensed to practice law in the District Court for the Southern District of Illinois.

The First Amended Complaint is similar to the original complaint. Count I seeks an accounting and turnover of avoidable postpetition transfers. Counts VIII and IX request avoidance under both the Bankruptcy Code and Illinois law of alleged prepetition fraudulent conveyances made to Humana. The remaining counts seek relief against other defendants now named in other proceedings and are not relevant here.

Humana filed a motion to dismiss the amended complaint asserting that the three counts seeking relief against it failed to state claims upon which relief could be granted. As to Count I, Humana asserted that the Debtor failed to identify specific postpetition transfers and therefore also failed to plead that the transfers were not authorized by the court or by statute. Further, Humana said that any such transfers made were contractual recoupments of DIR Fees and could not be recovered as a matter of law. As to Counts VIII and IX, Humana asserted that any prepetition transfers made were payments on debts owed by the Debtor to Humana and therefore were made in exchange for reasonably equivalent value and were not constructively fraudulent as alleged. After the matters raised in the motion to dismiss were fully briefed and arguments were heard, Judge Grandy denied the motion to dismiss finding that resolution of the issues turned on disputed facts rather than solely on matters of law.

After denial of its motion to dismiss, Humana filed an answer and affirmative defenses. Shortly thereafter, due to the impending retirement of Judge Grandy, the case was reassigned to this Court. Humana then filed the instant Motion for Judgment on the Pleadings.

In large measure, the Motion for Judgment on the Pleadings is identical to the previously denied motion to dismiss. As to Count I, Humana again says that it is deficient because it fails to identify any specific transfers to be recovered. Humana adds that the Debtor has admitted the validity of the contract allowing it to charge DIR Fees and that, as a matter of law, it does not matter if the collection of the fees were recoupments or setoffs—neither are recoverable transfers. As to Counts VIII and IX, again Humana asserts that any payments made to it were debt payments and therefore constituted reasonably equivalent value as a matter of law.

In responding to the Motion for Judgment on the Pleadings, the Debtor says that "Humana is seeking a second bite at the apple[.]" The Debtor claims that the issues raised in the Motion were already decided by this Court's predecessor. The Debtor also responded to the substantive arguments made by Humana as to each count. Humana filed a reply asserting that the Debtor had waived the issue of the preclusive effect of the prior decision denying the motion to dismiss. Humana also repeated its substantive arguments about each count.

The matter has been fully briefed and is ready for decision.

## II.  Jurisdiction

This Court has jurisdiction over proceedings "arising under title 11, or arising in or related to cases under title 11" pursuant to 28 U.S.C. §1334. All bankruptcy cases and proceedings filed in the Southern District of Illinois have been referred to the bankruptcy judges. SDIL-LR Br1001.1; *see* 28 U.S.C.

§157(a). Matters concerning the administration of the estate, proceedings to determine, avoid, or recover fraudulent conveyances, and other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship are core proceedings. 28 U.S.C. §157(b)(2)(A), (H), (O).

While statutorily core, there is some disagreement about whether fraudulent conveyance actions are constitutionally core in the wake of the Supreme Court's decisions in *Stern v. Marshall*, 564 U.S. 462, 493 (2011), and *Executive Benefits Insurance Agency v. Arkinson*, 573 U.S. 25, 37-38 (2014). *Compare Maxwell v. United States (In re Horizon Group Mgmt., LLC)*, 617 B.R. 581, 585 (Bankr. N.D. Ill. 2020) (finding fraudulent transfer action under §548 constitutionally core), *with Brandt v. FDIC (In re Equip. Acquisition Res., Inc.)*, 560 B.R. 501, 504 (Bankr. N.D. Ill. 2016) (finding that state-law fraudulent transfer claims as well as §548 claims are not constitutionally core). But the prevailing opinion in this Circuit is that avoidance of fraudulent transfers under §548 are constitutionally core. In any event, the First Amended Complaint also asserts a state-law fraudulent conveyance cause of action against Humana which does not arise exclusively under the Bankruptcy Code and does not strictly arise in a bankruptcy case, and this Court is therefore exercising "related to" jurisdiction in this proceeding. Absent consent of the parties, the Court's authority to enter final judgment on at least the state-law fraudulent conveyance action is limited. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 669 (2015); *Exec. Benefits*, 573 U.S. at 37-38; *Stern*, 564 U.S. at 493; 28 U.S.C. §157(c).

Here, the First Amended Complaint contains generic statements that the proceeding is core and that the Court has jurisdiction, but it does not contemplate that one or more of the causes of action asserted might be non-core and likewise does not affirmatively state that the Debtor consents to entry of a final judgment by this Court. Nevertheless, there is little question that, in commencing this proceeding and seeking relief from the bankruptcy court, the Debtor consents to the Court's jurisdiction. *See Horwitz v. Alloy Auto. Co.,* 992 F.2d 100, 103 (7th Cir. 1993) ("Silence does not imply consent, but affirmatively invoking the bankruptcy court's jurisdiction most assuredly supplies whatever consent is necessary.") (citations omitted). Humana, on the other hand, expressly withheld consent to the entry of final orders in its answer to the First Amended Complaint. Of course, Humana also filed its Motion for Judgment on the Pleadings, but that does not necessarily mean that it now consents to entry of final orders by the Court. Nor does it matter.

This Court has authority to enter orders on preliminary matters to the extent they do not constitute a final adjudication on the merits of underlying causes of action over which the Court does not have constitutional authority to enter a final order. *See Lordstown Motors Corp. v. Hon Hai Precision Indus. Co. (In re Nu Ride Inc.),* 666 B.R. 510, 512 (Bankr. D. Del. 2024). Section 157(c) expressly authorizes bankruptcy courts to hear non-core but related proceedings and limits only the courts' ability to enter final orders or judgment. Denial of a motion for judgment on the pleadings is an interlocutory, not final, order. *Vieira v. Oleksy (In re Oleksy),* 646 B.R. 427, 431 (Bankr. D.S.C. 2022). Because

Humana's Motion for Judgment on the Pleadings will be denied, the order entered here will not be a final order for which consent of the parties is required. There are thus no jurisdictional impediments to the entry of this Opinion and the corresponding order.

### III. Legal Analysis

Having reviewed the filings of both the Debtor and Humana and the record in this case, it is clear to this Court that the law-of-the-case doctrine controls the decision here. The issues raised in the Motion for Judgment on the Pleadings are substantially the same as the issues decided with respect to the motion to dismiss. Absent compelling circumstances, this Court should not revisit the issues.

The law-of-the-case doctrine holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (relying on *Arizona v. California*, 460 U.S. 605, 618 (1983)). The doctrine "establishes a presumption that a ruling made at one stage of a lawsuit will be adhered to throughout the suit." *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) (citations omitted). Although motions to reconsider interlocutory orders are governed by Rule 54(b), the Seventh Circuit has made clear that such motions are also governed by the law-of-the-case doctrine and that reconsideration is authorized only when "there is a compelling reason, such as a change in, or clarification of, law that makes clear that the

earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006) (citations omitted); Fed. R. Civ. P. 54(b); Fed. R. Bankr. P. 7054. Generally, the law of the case controls throughout a case "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of law applicable to such issues, or the decision was clearly erroneous[.]" *White v. Murtha*, 377 F.2d 428, 431-32 (5th Cir. 1967).

The Debtor raised the law of the case only in the conclusion paragraph of its response to the Motion for Judgment on the Pleadings by making the assertion that Humana was "seeking a second bite at the apple on the issue" that Judge Grandy denied. The Debtor did not develop its argument, did not specifically refer to the law-of-the-case doctrine, and cited no case law in support of its position. Humana responded only in a footnote in its reply arguing that the Debtor had waived the issue by not claiming that the prior decision on the motion to dismiss had a preclusive effect on the pending Motion. Further, Humana asserted that even if there was no waiver, there would still be no preclusive effect because the prior decision was clearly erroneous.

The failure to raise the preclusive effect of a prior order or to cite the law-of-the-case doctrine can constitute a waiver of the issue. *Franchise Tax Bd. of California v. Hyatt*, 587 U.S. 230, 235 n.1 (2019). But courts may also raise the issue *sua sponte*. *United States v. Anderson*, 772 F.3d 662, 669 (11th Cir. 2014). Courts have an independent interest in the "continuity, finality, and efficiency" provided by the law-of-the-case doctrine. *Id.*

The Debtor raised the law of the case sufficiently to bring it to the Court's attention and did not waive the issue. Certainly, it should have developed the argument and, in not doing so, risked that this Court would not independently raise and research the issue. Likewise, however, Humana dismissed the argument in a footnote and thereby also passed on the opportunity to fully brief the issue. Nevertheless, the doctrine controls the decision here.

It is clear and not disputed that the Motion for Judgment on the Pleadings raises the same issues as the prior motion to dismiss. Humana's response to the argument was not that the Motion for Judgment on the Pleadings raises different issues. To the contrary, its response was that Judge Grandy's decision on the motion to dismiss was clearly erroneous and therefore should not be given preclusive effect. Having found that Humana is raising the same issues in its Motion for Judgment on the Pleadings as were previously decided by Judge Grandy, this Court can deny preclusive effect to her decision only if it finds that new evidence is being presented, the law has changed, or the prior decision was clearly erroneous. *White*, 377 F.2d at 431-32.

Humana makes no argument that any new evidence is available. Judge Grandy, in denying the motion to dismiss, found that the parties were arguing facts rather than law. She noted that Humana was insisting that, because it had a contractual right to payment, all payments received were of reasonably equivalent value while the Debtor was responding by saying that, without an accounting, it could not know that what it was paid under the contract was correct. This factual dispute still exists; Humana does not claim otherwise.

Further, Humana makes no claim that the law has changed on any relevant issue. Humana does cite to a prior decision by this Court involving the same Debtor: *ACJK, Inc. v. Small Business Financial Solutions, LLC (In re ACJK, Inc.),* 2024 WL 4047140, at *1 (Bankr. S.D. Ill. Sept. 4, 2024). In *Small Business,* this Court dismissed fraudulent transfer claims finding that "dollar-for-dollar credit for payment on a debt is, on its face, reasonably equivalent value." *Id.* at *10. But in *Small Business*, the amount paid to the creditor was not in dispute and the decision relied on the Debtor's admission that it received credit from Small Business for the payment; the absence of any additional allegations that might raise a question about the reasonable equivalence of value exchanged was also a factor in the decision. *Id.* at *10-11. Here, neither the amounts paid to Humana nor the amounts owed to Humana at any relevant point are known; without such information, a dollar-for-dollar analysis cannot be made. Further, the Debtor alleges that the fees deducted here were "excessive" and at times even exceeded the amount of the underlying transaction for which they were assessed. There is therefore a question as to whether reasonably equivalent value was exchanged. *Small Business* provides no support to Humana.

Humana's only serious argument is that the prior order on the motion to dismiss was so clearly erroneous that it may be disregarded by this Court. In considering the argument, this Court must be cognizant of the Seventh Circuit standard for departing from the law of the case when there is a change in assigned judges. "Litigants have a right to expect that a change in judges will not mean going back to square one." *Williams v. Commissioner*, 1 F.3d 502, 503 (7th

-11-

Cir. 1993). A judge coming into a case midstream cannot alter previous rulings "merely because [she] has a different view of the law or facts from the first judge." *Id.*

The argument made now is the same as previously made; Humana says it had a contractual right to payment, that ends the inquiry, and the adversary case must be dismissed. But this Court agrees with Judge Grandy that, without knowing what was due and what was paid, it cannot be determined as a matter of law that Humana was paid only what was owed to it or that the transfers are not avoidable. The fact that the payments may be in the nature of recoupment or setoff is not a complete defense, and whether they are indeed unrecoverable setoffs or recoupments cannot be determined at this stage of the litigation based on the limited facts in the record. The payment structure among the Debtor, Cardinal, and Humana, as described in the complaint, was complex and multi-layered. The Debtor makes a good case that, at a minimum, it is entitled to an accounting. The fact that it might be able to get information from Cardinal does not mean that Humana does not have to account for what it received. This Court cannot find that Judge Grandy's prior decision was clearly erroneous or erroneous at all. The Motion for Judgment on the Pleadings must be denied.

### IV.    Conclusion

The law-of-the-case doctrine controls here. The prior order denying the motion to dismiss will not be revisited by this Court under the guise of a Motion for Judgment on the Pleadings. Humana has failed to provide a credible

argument that any of the factors that might allow reconsideration are present here.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.


ENTERED: February 20, 2026

                                            /s/ Mary P. Gorman
                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE